**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 04:46 PM April 20, 2021**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| FIBERCORR MILLS LLC, | ) | CASE NO. 20-61029 |
| | ) | |
| Debtor. | ) | RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

Now before the court is the first and final fee application ("Application") filed by Krugliak, Wilkins, Griffiths & Dougherty Co., LLP ("KWGD"), special counsel to Debtor. KWGD seeks a total of $7,972.34 in compensation: $7,755.00 in fees and $217.34 in expenses. The fee application is unopposed.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. It is a statutorily core matter under 28 U.S.C. § 157(b)(2)(A) and (B). The court has authority to enter final orders in this matter. Pursuant to 28 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

# DISCUSSION

Compensation of professionals is primarily governed by 11 U.S.C. § 330. The Bankruptcy Code authorizes the court to award "reasonable compensation for actual, necessary services" and "reimbursement of actual, necessary expenses." 11 U.S.C. § 330(a)(1). The court is instructed to "consider the nature, the extent and the value of such services, taking into account all relevant factors" and is provided a non-exclusive list of considerations. 11 U.S.C. § 330(a)(3).

In the Sixth Circuit, the starting point for calculation of reasonable compensation is the lodestar method, the product of 'multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended.' Boddy v. U.S. Bankr. Ct. W.D. Ky. (In re Boddy), 950 F.2d 334, 337 (6th Cir. 1991) (quoting Grant v. George Schumann Tire & Battery Co., 908 F.2d 874, 879 (11th Cir.1990) (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)). This figure is subject to adjustment based on other factors, such as "the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area." Id. at 338 (citing Harman v. Levin (In re Robertson), 772 F.2d 1150, n. 1 (4th Cir. 1985The Bankruptcy Code permits a court to reduce a compensation request under 11 U.S.C. § 330(a)(2). )). The applicant bears the burden of proving requested fees are reasonable. In re James Contracting Grp., Inc., 120 B.R. 868, 872 (Bankr. N.D. Ohio 1990) (citations omitted).

Additionally, this district adopted Guidelines for Compensation and Expense Reimbursement of Professionals ("Guidelines"). See Local Bankruptcy Rule 2016-1. These Guidelines establish the format for fee applications, as well as identify allowable expense amounts.

Upon review of KWGD's Application, several items are noteworthy. First, the application to employ KWGD, filed on November 13, 2020 and approved on December 7, 2020, was entered *nunc pro tunc* to June 17, 2020, the petition date. Many services included in the application were provided before KWGD's employment was approved. This is generally disfavored:

> To summarize, we hold the retroactive approval of a professional may be granted by the bankruptcy court in its discretion but that it should grant such approval only under extraordinary circumstances. Such circumstances do not include the mere neglect of the professional who was in a position to file a timely application.

See In re EWI, Inc., 208 B.R. 885, 896 (Bankr. N.D. Ohio 1997) (quoting Matter of Arkansas Co., 798 F.2d 645, 650 (3rd Cir. 1986)); In re Roberts, 618 B.R. 213, 216-17 (Bankr. S.D. Ohio 2020). Looking at the time record, it appears that KWGD may not have been diligent in filing its employment application. A billing entry on August 14, 2020 is for "final review of application"

yet the Application was not filed for over ninety (90) days. No explanation for the delay between this entry and the filing date of the application to employ is evident.

The reasonableness of the services for preparation of the application to employ KWGD as special counsel are also questionable. Twenty-five percent (25%) of the total compensation requested is billed under "Matter 14.226.21-001, Special Counsel for Debtor Appointment." The time entries deal with more than mere appointment and appear to cover time entries related to employment in general, including preparation of the Application. Regardless, one-quarter of the compensation sought had no direct benefit to Debtor or the estate.

A tension exists in determining the reasonable compensation for this category of ministerial tasks, most notably seen in the body of case law addressing fee applications. The Sixth Circuit identified the dilemma in Coulter v. Tennessee:

> The cases from this and other circuits uniformly hold that a lawyer should receive a fee for preparing and successfully litigating the attorney fee case after the original case is over, although in the private market place, lawyers do not usually charge, and clients do not usually pay, for the time it takes lawyers to calculate their fees. See cases collected and discussed in In re Nucorp Energy, Inc., 764 F.2d 655, 660 (9th Cir.1985). The legislative intent behind attorney fee statutes, however, was to encourage lawyers to bring successful civil rights cases, not successful attorney fee cases. The attorney fee case is not the case Congress expressed its intent to encourage; and in order to be included, it must ride piggyback on the civil rights case.

805 F.2d 146, 151 (6th Cir. 1986) *abrogated by* The Northeast Coal. for the Homeless v. Husted, 831 F.3d 686, 725 (6th Cir. 2016).[1] The court does not want to discourage competent representation in a case but must avoid routine, secondary motions of the case from becoming money trees. See, e.g. In re Henry S. Miller Commercial LLC, 2010 WL 4638882, *8 (Bankr. N.D. Tex. 2010) (stating "motions to draw down on retainers and fee applications are projects that can largely be completed by paralegals and should not become a fee-generating cash cow in and of themselves.") Allowing compensation of twenty-five percent of the total award for matters related to employment tends toward the latter.

Also problematic are three time entries for dates that precede KWGD's employment, dated June 3, 2020; June 7, 2020 and June 16, 2020, totaling $145.00. These are clearly not compensable and KWGD's application will be reduced by $145.00.

The facsimile charges are similarly troubling. The Guidelines provide:

---

[1] Coulter established percentage baselines for reasonable costs of preparing and litigating fee awards, using three percent for non-trial cases and five percent for those that went to trial. It abrogated this rule in Northeast Ohio Coal. for the Homeless.

**Facsimile Transmission**

Actual costs of telephone charges for outgoing transmissions are reimbursable. Transmissions received are reimbursable at actual cost not to exceed 20 cents per page.

Krugliak billed outgoing facsimile transmissions at fifty cents ($0.50) per page which is excessive. Since it did not meet its burden of proof of actual charges, the court will reduce the amount requested by fifty percent (50%), bringing it more in line with the amount allowed for facsimile transmissions received.

Although the court is apprehensive about the overall reasonableness of the Application, it will approve it as set forth herein. KWGD's fees are hereby reduced by $145.00 for services rendered prior to employment. The expenses are reduced by $3.00, representing a fifty percent (50%) reduction in the facsimile transmission charges. The court will approve compensation in the amount of $7,824.34 by separate order to be entered immediately.

So ordered.

#   #   #

**Service List:**

Anthony J. DeGirolamo
3930 Fulton Drive NW, Suite 100B
Canton, OH 44718

David E. Butz
Krugliak, Wilkins, Griffiths & Dougherty Co., LPA
4775 Munson Street
Canton, OH 44718

Scott R. Belhorn
Kate M. Bradley
Office of the U.S. Trustee
H.M. Metzenbaum U.S. Courthouse
201 Superior Avenue East Suite 441
Cleveland, OH 44114-1240

Richard S. Lauter
Meleah Skillern
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street
Suite 300
Chicago, IL 60661